## WHITE *against* REYNOLDS.

A verdict and judgment in an action on the case, for not performing a contract, is conclusive evidence in an action on a bond between the same parties, as to the facts passed upon in the first suit.

Whether a contract was rescinded by the acts of the parties, is a matter of fact for the jury.

In an action on a bond, given in consideration that a certain quantity of boards will be delivered at a certain time and place, which were delivered according to contract, but not received by the obligor, but afterwards sold by the persons delivering them, the measure of damages which the obligee is entitled to recover on the bond, is, the difference between the contract price and that at which the boards were sold.

ERROR to *Crawford* county.

This was an action on a bond given by *White* to *Reynolds*, conditioned for the payment of $1500, on the 1st of April, 1821; the consideration of which was one hundred and fifty thousand feet of boards, to be delivered by *Reynolds* and *Crary* to *White*, part at *Maysville* and part at *Cincinnatti*. Previously to the institution of this suit, *White* had brought an action on the case against *Reynolds* and *Crary*, for not delivering the boards according to their contract, in which a verdict and judgment were rendered for the defendants.

The defendant's counsel requested the court to charge the jury on the following points:

1. That if there was a misrepresentation made to the defendant by the plaintiff and *Crary*, or either of them, as to the quantity or quality of the boards at *Maysville*, which induced him to enter into the contract, the plaintiff cannot recover.

2. That if the boards at *Maysville* or *Cincinnatti*, or either of those places, were refused to the defendant by the agents, and not delivered, or offered to be delivered, according to the true meaning and spirit of the contract, the plaintiff cannot recover.

3. That the plaintiff, and his partner *Crary*, taking possession of the boards afterwards, exercising acts of ownership over them, and disposing of them, was a recision of the contract on the part of the plaintiff, and he cannot now enforce the bond, or any part of it, against the defendant.

4. That if on the aforesaid points, the facts do not warrant the defendant's conclusions, yet plaintiff can only recover the difference between the contract price and the actual sales.

5. That *Crary*, the partner of the plaintiff, having received and disposed of his share of the boards, as appears by his own evidence, and he claims no interest in this suit, the plaintiff, on the principles contained in the last point, can only recover the difference in price for one-half of the boards.

To the first and second points the court answered, that the ver-

(White *v.* Reynolds.)

dict and judgment in the former suit, between the same parties, were conclusive of the facts then tried, that *Reynolds* and *Crary* had not violated their contract.　To the third point: that the evidence did not support it.　The fourth point was answered affirmatively.　And the fifth point thus: "*Crary* and *Reynolds* agreed that the whole price of these boards should be made payable to Mr. *Reynolds;* and this bond was so taken.　Mr. *Crary* having given the orders for the delivery of the boards, and never having interfered or refused to detain them, his interest is immaterial, and this point untenable.　The settlement of the partnership accounts between *Crary* and *Reynolds*, it appears, has been made, and there is no reason for bringing in those matters into the suit on this bond.'

*Galbreath* for plaintiff in error.

*J. Banks* and *Wallace, contra.*

Per Curiam.—The verdict between the same parties, and on the same evidence, was conclusive of the fact found, that the plaintiff had been in no default in executing the contract.　Nor is there error in the remaining points.　Taking possession of the boards, and exercising acts of ownership over them, was not necessarily a recision of the contract, which depended on circumstances that do not sufficiently appear; and taking it not to have been rescinded, the rule of damages laid down, is the true one.　Neither could the plaintiff be debarred from recovering the whole cause of action on the bond, without regard to the partnership account between him and *Crary*, with which the defendant had nothing to do.　All the points are too plain for illustration; and in respect to none of them did the court commit an error.

Judgment affirmed.